## WHITSON CO., Inc.

v.

## DOWELL, Inc. et al.

No. 15480.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 29, 1954.

Hassell & Hassell and W. D. Riley, Jr., Dallas, for appellant.

M. F. London and Joe H. Cleveland, Bowie, for appellee Dowell, Inc.

T. B. Coffield, Donald & Donald and J. M. Donald, Bowie, for appellee Bluff Creek Oil Co.

RENFRO, Justice.

Suit was brought by Dowell, Inc., against Whitson Company, Inc., and Bluff Creek Oil Company, for water locating service rendered and a perforation job done in May, 1950, on an oil well.

The case was tried before the court without a jury and judgment rendered for

Dowell, Inc., against Whitson Co. for $920 plus $138 attorney's fees.

Whitson Co. contends the judgment should be reversed and rendered, or, in the alternative, that it have judgment over and against Bluff Creek.

At the request of appellant, the trial court filed findings of fact and conclusions of law.

Material to the appeal, they are: (2) the work was done at instance and order of Bob Rucker, acting on behalf of and as duly authorized agent for Whitson Co. and Bluff Creek under contract duly had; (5) Bluff Creek assigned to Whitson Co. 15/16ths of 9/8ths of proceeds of oil produced, out of which to pay certain charges, including operating expenses, and Whitson Co. did actually receive 15/16ths of 9/8ths of proceeds of the oil produced and sold so long as the well produced; and (7) that Dowell's services were part of the operating expenses under their contract.

The court concluded as a matter of law that Whitson Co. is justly indebted to Dowell, Inc., in the sum of $920, plus $138 attorney's fees, and that Bluff Creek is not indebted to either Dowell, Inc., or Whitson Co.

Appellant (1) attacks finding No. 2 to the effect that Bob Rucker acted as the agent of appellant as being against the great preponderance of the evidence and contends there is no testimony showing that appellant expressly or impliedly authorized the work to be done; (2) contends the court erred in holding appellant liable under the contract between it and Bluff Creek, and in further holding that Whitson Co., alone, was liable for the appellees' account. Appellant denies that the expenses incurred were operational expenses.

On August 31, 1949, Bluff Creek, as owner of an oil and gas lease on which the Fenoglio well was situated, assigned to Whitson Co. an undivided 15/16ths of 9/8ths interest from all oil, etc., produced, saved and sold under the terms of the lease. Such interest was to continue in Whitson Co.

until such time as it had been reimbursed for all sums expended by it in drilling and completing the well, and all sums expended by it in the operation of said well, and reimbursement for other expenses not necessary to here set out.

By mutual agreement Bluff Creek was operating the well.

All operating expenses were paid from the 15/16ths of 9/8ths which had been assigned to Whitson Co.

Bluff Creek paid none of the operating expenses. All bills were sent to and paid by Whitson Co. None of the expenses were paid in any way other than out of the 15/16ths of 9/8ths interest prior to time Dowell's statement was received. L. R. Whitson testified that appellant refused to pay the Dowell claim because there was no oil and because he considered the work done by Dowell, Inc., as remedial, and appellant was not required to pay for such work. The well later produced some oil.

The witness Bob Rucker of Bluff Creek testified that he informed Bob Whitson about the water as soon as it was discovered, and discussed with him the advisability of employing Dowell, Inc., and Bob Whitson agreed that was the thing to do; that he talked with Bob Whitson every day the Dowell work was going on; that Bob Whitson in this matter, as well as others, was representing appellant. Bob Whitson did not testify. Rucker testified that the common understanding, and his understanding, is that the work done by Dowell, Inc., was in the ordinary course of operating a well.

■■ In view of the terms of the contract and evidence of the conduct of the parties under it, we are of the opinion that the findings of the trial court set out above must be sustained. When there is some evidence of a substantial and probative character to support the findings and judgment, they are controlling upon the reviewing court and will not be disturbed. 3–B Tex.Jur., p. 458, sec. 941.

The court's conclusions of law must also be sustained. It seems clear that the 15/16ths

of ⅝ths interest was assigned to appellant for the purpose of paying such expenses as here incurred. Such intention is gathered from the instrument itself when considered as a whole and considered in the light of the circumstances surrounding the parties.

It follows that the court did not err in rendering judgment for appellee Dowell, Inc., against appellant, and in denying appellant recovery over against Bluff Creek.

 Appellee Dowell, Inc., requests us to assess ten per cent of the amount of the judgment against appellant under the provisions of Rule 438, T. R. C. P. The points presented by appellant on appeal are not so trivial and wanting in merit as to justify our holding that the appeal was perfected for mere delay. The points presented and the manner in which they are briefed indicated that the appeal was brought in good faith. Appellee's cross-assignment is overruled.

The judgment of the trial court is affirmed.